```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LA SIMPATIA SUPERMARKET CORP. and      :    INDEX NO.: _____
MANUEL DIAZ,                           :
                                       :
                         PLAINTIFFS,   :
                                       :
         -against-                     :
                                       :    COMPLAINT
UNITED STATES DEPARTMENT OF            :
AGRICULTURE, FOOD AND CONSUMER         :
SERVICE,                               :
                                       :
                         DEFENDANT.    :
-------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

This action, brought pursuant to Section 14 of the Food Stamp Act of 1977 and pursuant to Section 279.10 of the Food Stamp Program Regulations, is for judicial review of the administrative determination of the United States Department of Agriculture, the Food and Consumer Service (FCS), and the Northeast Regional Office regarding charging violations and for an order of the court temporarily staying the administrative action under review pending disposition of the <u>de novo</u> trial or an appeal from the trial.

## JURISDICTION

1. This action arises under the Food Stamp Act of 1977, 7 U.S.C. Sections 2011 <u>et seq</u>.

2. All statutory and regulatory conditions precedent for the filing of this action have been fulfilled.

## THE PARTIES

3. Plaintiff, Manuel Diaz, owner of the La Simpatia Supermarket Corp., owns and operates a grocery store business located at 4488 Broadway, New York, New York.

4. Manuel Diaz at all times relevant was and is the owner of grocery business located at 4488 Broadway, New York, New York.

5. Defendant, United States, is the sovereign and federal government which conducts and implements the Food Stamp Program through its agency, the United States Department of Agriculture, The Food & Consumer Service, hereinafter referred to as "FCS".

6. That the Plaintiff has been and is a licensee of the FCS, participating in the food stamp program: Authorization Card Number 3585484 for ten (10) years.

## FACTS

7. It is alleged by the Defendant herein that during the months of February 2006 to April 2006, the Department of Agriculture conducted an investigation of compliance in Plaintiff's place of business and that February 2, 2006, February 16, 2006 and March 21, 2006 food stamps were accepted and in exchange certain non-food or non-FCS eligible items were sold to an FCS agent. Upon administrative review the alleged violations of February 2, February 16, and March 21, 2007 were upheld and the investigations of April 4, 2006 and April 6, 2006 revealed that no violations occurred at the store.

8. On or about August 27, 2006, approximately six (6) months later after the first

investigation, FCS mailed notice to the Plaintiff alleging these program violations which notice was received by Plaintiff.

9.   That Plaintiff responded to the charges at the FCS field office in New York City.

10.  During the long interval between the alleged last date of violation March 21, 2006 of the notice of allegation, it was not alleged by the FCS that any other violations occurred, nor have any occurred to the present date.

11.  That it has not generally been alleged by FCS that owner of the grocery store generally participated in these alleged violations.

12.  That the determination after the written submission was a six month disqualification from participation in the food stamp program, by letter from Defendant dated November 8, 2006.

13.  That Plaintiff requested and was granted an administrative review of the determination of permanent disqualification which was issued.

14.  That the administrative review officer of Defendant upheld the initial determination by letter dated May 8, 2007 pursuant to Section 278.6(e)(5) and received May 10, 2007.

15.  Plaintiff denies that any violations occurred. However, even under the worse case fact findings possible after trial, on the alleged three remaining violations, the Plaintiff would conceivably be subject to a civil money penalty in lieu of six month disqualification. This is because the agency failed to fully consider <u>inter alia</u> that the disqualification of Plaintiff would result in neighborhood hardship. That as a result of the foregoing, the level of offense and hence

sanction against Plaintiff which was properly imposable, even assuming the violations could be proven at trial, would be pursuant to Section 278.6(f), a civil money penalty.

16. By Defendant's own investigator's reports, Plaintiff's agents refused to be pressured by Defendant Department of Agriculture agents to violate the federal regulations on April 4, 2006 and April 6, 2006.

17. The FCS violated the agency's regulations at Section 278.6(f)(1) in that FCS failed to find applicable and levy a civil monetary penalty in lieu of the disqualification period. The administrative review ruling dated May 8, 2007, shows that the agency only apparently sought to ascertain, in reaching its decision, whether "other area stores" existed, i.e., said decision fails to reflect what criteria, if any, the appeals branch employed for determining "comparability". Rather the review decision appears to blindly accept the field office's bald assertion that 28 other stores exist within a half mile of Plaintiff's store. Nowhere does the agency evaluate or determine these are comparable in the terms of the regulation in reference to either variety of foods offered or comparability of prices, to wit:

> "(f) where there is no authorized retail food store in the area <u>selling a large variety of staple food items at comparable prices.</u>"

WHEREFORE, it is respectfully prayed that the Department of Agriculture, Food and Consumer Services's disqualification of the grocery store herein effective June 8, 2007 be stayed and that a preliminary injunction shall issue herein after due notice of this application therefore and that in furtherance thereof Defendant be ordered on a day fixed to show cause why said preliminary and permanent injunction should not be granted; and

That pending the hearing hereof, a restraining order issue restraining the Defendant and each of them, their agents, representatives and employees, from enforcing the six month disqualification of the firm herein until a trial <u>de novo</u> shall be had to determine the validity of the administrative action and for such other and further relief as the Court may deem just and proper.

Dated: Bronx, New York
      May 25, 2007

                                                          _____
                                                          PETER R. SHIPMAN, ESQ. (9780)
                                                          CODELIA & SOCORRO, P.C.
                                                          Attorneys for Plaintiff
                                                          1967 Turnbull Avenue, Suite 6
                                                          Bronx, New York 10473
                                                          (718) 931-2575