UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LA SIMPATIA SUPERMARKET CORP.,
and MANUEL DIAZ,

                  Plaintiffs,

   - against -

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOOD AND CONSUMER
SERVICE,

                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STIPULATION AND ORDER
OF SETTLEMENT AND
DISMISSAL

ECF Case

07 Civ. 4813 (CM) (KNF)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/07

      WHEREAS plaintiffs La Simpatia Supermarket Corp. and Manuel Diaz ("Plaintiffs"), filed this action on or about June 6, 2007, challenging a decision of the United States Department of Agriculture, Food and Nutrition Service ("FNS"), dated May 8, 2007, disqualifying Plaintiffs from the Food Stamp Program for a period of six months;

      WHEREAS Plaintiffs and defendant United States Department of Agriculture ("Defendant") stipulated to stay the disqualification until August 10, 2007, and subsequently further stipulated to stay the disqualification until September 8, 2007; and

      WHEREAS the parties to this action desire to stipulate, consent and agree to a complete and final settlement of all claims in this action, without the need for a hearing on the merits or for other Court intervention in this case, and to obtain an order from this Court encompassing the terms of said settlement;

      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and

between the parties hereto, and through their respective undersigned counsel, that:

    1.    The Complaint is dismissed with prejudice, without costs, expenses or attorneys' fees to either side, pursuant to Federal Rule of Civil Procedure 41(a), except that the Court retains jurisdiction to enforce the terms of this Stipulation and Order.

    2.    Plaintiffs agree to pay Defendant a civil monetary penalty of $25,734.00 in connection with the resolution of this action. This penalty shall be due in six monthly installments, by certified check or money order made payable to the United States Department of the Treasury, and shall be delivered to the United States Attorney's Office, Southern District of New York, 86 Chambers Street, Third Floor, New York, New York 10007, Attn: AUSA Matthew L. Schwartz. The first installment of $4,289.00 shall be due seven calendar days after this Stipulation and Order of Settlement and Dismissal ("Stipulation") has been signed by all parties and approved by the Court. The remaining installments shall be paid in the same manner as above in five equal monthly installments of $4,289.00 each, with each installment due on the first day of every month, beginning on October 1, 2007, and extending through February 1, 2008.

    3.    Pursuant to 7 U.S.C. § 2021 and 7 C.F.R. § 278.1(b)(4), Plaintiffs agree to provide, within thirty (30) days of the execution of this Stipulation, a bond or irrevocable letter of credit in the amount of $4,289.00 to the United States Department of Agriculture, New York City Field Office. Said bond or letter of credit shall be delivered to: Gilda Torres, Officer In Charge, Food and Nutrition Service,

United States Department of Agriculture, 201 Varick Street, New York, New York 10014, and shall remain valid at all times during which either plaintiff is authorized to participate in the Food Stamp Program. Notwithstanding the previous sentence, if plaintiff La Simpatia Supermarket Corp. is sold to a third party after Plaintiffs have paid the total penalty in the amount of $25,734.00, as set forth in paragraph 2 above, Plaintiffs shall no longer be required to provide the bond or letter of credit described in this paragraph.

4. If Plaintiffs fail to make any payment required in paragraph 2 or fail to provide the bond or letter of credit described in paragraph 3 above when due, Plaintiffs shall be deemed in default of this Stipulation and agree (a) to an automatic six-month disqualification from the Food Stamp Program commencing the day after the payment required in paragraph 2 became due or the due date of said bond or letter of credit; (b) to waive their right to judicial review of such disqualification; and (c) to forfeit any portion of the total penalty in the amount of $25,734.00 that Plaintiffs may have already paid.

5. Plaintiffs further agree to comply with all applicable laws and regulations of the Food Stamp Program; to fulfill their obligations as set forth in this Stipulation; and to be placed on probation for a two-year period commencing with the execution of this Stipulation. If a random inspection or analysis of Electronic Benefit Transfer (EBT) data during this period of probation reveals any violation of the Food Stamp Act of 1977, as amended, 7 U.S.C. §§ 2011-29, committed by any principal, employee or agent of plaintiff La Simpatia

Supermarket Corp., Plaintiffs agree (a) to a determination by FNS of a violation, and the imposition of whatever penalty may be applicable to such violation under the Food Stamp Program; (b) to waive their right to judicial review of any such determination of violation and imposition of applicable penalty; and (c) to forfeit any portion of the total penalty in the amount of $25,734.00 that Plaintiffs may have already paid, as well as the $4,289.00 bond or letter of credit referenced in paragraph 3 above. No fewer than seven days before making any formal determination of violation under this paragraph, FNS shall provide notice to Plaintiffs, through their undersignd attorneys

6. In consideration of the full performance by Plaintiffs of all their obligations under this Stipulation, FNS hereby modifies its decision disqualifying Plaintiffs from the Food Stamp Program for a period of six months. Defendant agrees that, subject to the terms of this Stipulation, Plaintiffs shall continue to have the privilege of full participation in the Food Stamp Program upon the execution of this Stipulation.

7. The parties acknowledge, understand and agree that this Stipulation sets forth the entire agreement between them relating to the subject matter addressed by this Stipulation, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included in this Stipulation shall be of any force or effect.

8. Plaintiffs acknowledge and represent that in executing this Stipulation, they are not relying, and have not relied, upon any representations or

4

statements other than those contained in this Stipulation, by Defendant or its agents, officers, representatives, or attorneys with regard to the subject matter, basis, or effect of this Stipulation.

9. Except as provided herein, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective legal representatives, successors, and assigns.

10. This Stipulation may be so-ordered by the Court without any further notice to the parties.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Dated:     New York, New York
           August 16, 2007

ERNEST J. CODELIA, ESQ.
Codelia & Socorro, P.C.
Attorneys for Plaintiffs
1967 Turnbull Avenue, Suite 6
Bronx, New York 10473
Telephone: (718) 931-2575
Facsimile: (718) 931-1121

MICHAEL J. GARCIA
United States Attorney
Attorney for Defendant

Dated:     New York, New York     By:
           August 20, 2007

MATTHEW L. SCHWARTZ
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-1945
Facsimile: (212) 637-2750

SO ORDERED.

Dated:     New York, New York
           August 22, 2007

HON. COLLEEN McMAHON
United States District Judge

6